*449 OLIVER, District Judge,
concurring.
I join Judge Clay’s opinion affirming the decision of the district court, except in regard to Section II.A.3, which discusses Plaintiffs promissory estoppel claim. I write separately because, unlike Judge Clay, I would affirm the trial court’s dismissal of the promissory estoppel claim on the same ground the trial court relied upon: failure to state a claim upon which relief could be granted. Before the trial court, Plaintiff based his promissory estoppel claim on his reliance upon Defendants’ representations and on the fact that the insurance policies in issue were not plan documents. Even though Plaintiff had copies of, and was intimately familiar with, the insurance policies, he did not argue, as he argues before this court, that the term “employee” as used in the plans, was ambiguous. The trial court found that the LTD and STD policies were plan documents. See Musto v. Am. Gen. Corp., 861 F.2d 897, 901 (6th Cir.1988). The trial court further found that under Sprague v. Gen. Motors Corp., 133 F.3d 388, 404 (6th Cir.1998) (en banc), where written plan documents exist, a promissory estoppel claim cannot succeed unless the plan documents are ambiguous. Id. Because Plaintiff did not argue there was ambiguity in the plan documents, the court dismissed his estoppel claim.
At the trial court, Plaintiff wholly failed to raise any alternative argument that the plan documents were ambiguous, even in the face of briefing on Sprague by Defendants and strong suggestions from the court at the oral hearing on the motion that the insurance policies were plan documents. Plaintiff even filed a supplemental brief after oral argument, and before the court issued its order addressing whether legally sufficient plan documents existed, but that brief also failed to raise an alternative argument on ambiguity. Moreover, after the court ruled that the insurance policies constituted plan documents and dismissed the promissory estoppel claim, Plaintiff filed a motion for reconsideration regarding other issues which were addressed in the court’s order, but did not challenge the court’s finding that the policies were plan documents or raise an alternative argument on ambiguity. Thus, Plaintiff had ample reason and opportunity to raise this argument throughout the district court proceedings, but did not. Since Moore never raised an argument about ambiguity below, he may not do so now. See United States v. Ninety-Three Firearms, 330 F.3d 414, 424 (6th Cir.2003) (holding that “[t]his court has repeatedly held that it will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice.”).
I would not reach the merits of the claim, as Judge Clay does in his opinion. The issues he addresses were not squarely before the district court, and thus, there was no incentive for the lawyers to focus their arguments on the evidence or law bearing on those issues.